UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JENNIFER SUTTON,<br><br>               Plaintiff(s),<br><br>   v.<br><br>HOUSING HOPE,<br><br>               Defendant(s). | CASE NO. C26-1131-KKE<br><br>ORDER ON MOTIONS FOR LEAVE TO AMEND COMPLAINT |

This matter is before the Court on *pro se* Plaintiff Jennifer Sutton's three motions for leave to file her amended complaint, her application to proceed *in forma pauperis* ("IFP"), and her motion seeking appointment of counsel. Dkt. Nos. 3, 13, 16, 17, 18. Defendant Housing Hope filed a response to Sutton's motion to amend. *See* Dkt. No. 25. Sutton subsequently filed another motion seeking additional time to file a reply. Dkt. No. 27. The Court will grant Sutton's motion to amend her complaint, deny her remaining motions as moot, and remand this case back to Snohomish County Superior Court for lack of subject matter jurisdiction.

## I.   BACKGROUND

Sutton, representing herself, filed a complaint in Snohomish County Superior Court on March 6, 2026, alleging, among other things, workplace discrimination under both the Americans with Disabilities Act ("ADA") and Washington Law Against Discrimination ("WLAD"). Dkt. No. 1-4 at 5–6. Housing Hope removed this action to federal court on April 3, 2026, asserting

ORDER ON MOTIONS FOR LEAVE TO AMEND COMPLAINT - 1

jurisdiction based upon a federal question. Dkt. No. 1, Dkt. No. 1-1. As part of its notice of removal, Housing Hope attached a copy of its answer to the complaint, which it had filed in Snohomish County Superior Court on March 26, 2026. Dkt. No. 1-5.

Upon removal to federal court, Sutton filed multiple motions to amend her complaint, in relatively short succession. *See* Dkt. Nos. 3, 13, 16 (filed between April 7, 2026 and April 10, 2026). At bottom, Sutton seeks to amend her complaint to "remov[e] all references to federal law claims"—i.e., her ADA claims—and acknowledges those claims are time-barred. *See* Dkt. No. 16 at 2–3; *see also* 42 U.S.C. § 2000e-5(f)(1). Defendant filed a response which does not outright oppose Sutton's motion, but rather, asserts that, if leave to amend the complaint granted, "the [] Court's jurisdiction would be divested as the Court cannot maintain supplemental jurisdiction over state law claims only." Dkt. No. 25 at 5. Defendant additionally asks the Court to enter an order dismissing Sutton's ADA claim with prejudice. *Id.* at 6. For the reasons below, the Court will grant Plaintiff's motion and remand this case to Snohomish County Superior Court.

## II.    ANALYSIS

1. <u>The Court will grant Sutton's request for leave to file her amended complaint.</u>

Typically, a plaintiff can amend her complaint once as a matter of course. *See* Fed. R. Civ. P. 15. Where, as here, a defendant has served its responsive pleading (*see* Dkt. No. 1-5), the plaintiff has 21 days from service of the responsive pleading to file her amended complaint as of right. Fed. R. Civ. P. 15(a)(1)(B). Here, Defendant Housing Hope's answer was served on March 26, 2026, and Sutton sought leave to file her amended complaint on April 10, 2026. *See* Dkt. No.

ORDER ON MOTIONS FOR LEAVE TO AMEND COMPLAINT - 2

16.[1]  Because she sought to amend her complaint within 21 days of Housing Hope filing its answer, under Rule 15(a), Plaintiff did not need to seek leave of court to file her amended complaint.

Accordingly, the Court will grant Sutton's motion (Dkt. No. 16) and deems her amended complaint (Dkt. No. 16-1) filed as of April 10, 2026.

2.  <u>The Court will remand this case to state court for lack of subject matter jurisdiction.</u>

The parties do not dispute that Sutton's amended (now operative) complaint altogether eliminates her federal law claims.  *See* Dkt. No. 16 at 1, Dkt. No. 26 at 5.  "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447.  "When a plaintiff amends her complaint following her suit's removal, a federal court's jurisdiction depends on what the new complaint says."  *Royal Canin U.S.A. v. Wullschleger*, 604 U.S. 22, 30 (2025).  Because Sutton has now "eliminate[d] the federal-law claims that enabled removal, leaving only state-law claims behind, the court's power to decide the dispute [has] dissolve[d]."  *Id.*  "The case must therefore return to state court."  *Id.* at 26.

Although Housing Hope asks the Court to dismiss Sutton's ADA claims with prejudice, it cites no authority to support its request, and in any event, because Sutton's amended complaint omits her ADA claims, such a request is moot.  *See* Dkt. No. 16-1.  The Court will instead, as it must, remand the case to state court.  *See Polo v. Innoventions Int'l, LLC*, 833 F.3d 1193, 1196 (9th Cir. 2016).

Accordingly, the Court remands this action to Snohomish County Superior Court.

//

---

[1] Sutton appears to have filed her motion for leave to amend in triplicate, and the motions and accompanying amended complaints are substantially the same.  *See* Dkt. Nos. 3, 13, 16.  The first motion, filed on April 7, 2026 (Dkt. No. 3-1 at 6), does not contain Sutton's signature, and is thus improperly filed.  *See* Fed. R. Civ. P. 11.  Sutton subsequently re-filed another unsigned copy of the amended complaint (Dkt. No. 13-1 at 6) on April 9, 2026.  On April 10, 2026, Sutton filed another motion with a signed copy of the amended complaint attached.  *See* Dkt. No. 16-1.  The Court will strike the un-signed amended complaints and their accompanying motions (Dkt. Nos. 3, 3-1, 13, 13-1) and considers the signed version of Sutton's motion and amended complaint (Dkt. Nos. 16, 16-1).

ORDER ON MOTIONS FOR LEAVE TO AMEND COMPLAINT - 3

### III.   CONCLUSION

For the foregoing reasons, the Court:

1)  GRANTS Sutton's motion for leave to file an amended complaint (Dkt. No. 16);

2)  STRIKES Sutton's un-signed filings (Dkt. Nos. 3, 13);

3)  DENIES as moot Sutton's motion to appoint counsel, Sutton's application to proceed *in forma pauperis*, and Sutton's motion for additional time to file a reply (Dkt. Nos. 17, 18, 27); and

4)  REMANDS this action to Snohomish County Superior Court.

Dated this 30th day of April, 2026.

Kymberly K. Evanson
United States District Judge

ORDER ON MOTIONS FOR LEAVE TO AMEND COMPLAINT - 4